UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
                                                                                           :

ANDREW WALKER, JR.,                                        :

                   Plaintiff,                              :              23-CV-4409 (AS)

            -v-                                    :              <u>ORDER ADOPTING</u>
                                                  :              <u>REPORT AND</u>
MONICA RICH KOSANN, AMAZON ADVERTISING  :              <u>RECOMMENDATION</u>
LLC, EBAY, INC., FISHER-PRICE, INC.,                         :
PROVENANCE GEMS, WOODROW JEWELERS,         :
NICKELODEON, DISNEY, WALMART, KMART, and  :
KROGER COMPANY,                                           X

                   Defendants.

------------------------------------------------------------------------
ARUN SUBRAMANIAN, United States District Judge:

      The Court referred these motions to dismiss to Judge Willis for a Report and Recommendation. *See* Dkt. 10. In the Report and Recommendation filed on January 8, 2025, Judge Willis recommended that the motions be granted. *See* Dkt. 124.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This standard also applies when a party makes only conclusory or general objections, or simply reiterates their original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

      In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and it warned that "[f]ailure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review," citing 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 6, 72(b), and relevant caselaw. *See* Dkt. 124. Walker understood the deadline, because he requested an extension of it to February 4, 2025, which the Court granted. *See* Dkts. 125, 126. Nevertheless, as of the date of this Order, no objections have been filed. Accordingly, Walker has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

      Despite the waiver, the Court has reviewed the complaint and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well

reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety.[1]

In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motions at Dkts. 97, 98, 100, and 111, to close this case, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: March 7, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

[1] The Report and Recommendation relies on Second Circuit law in its analysis of personal jurisdiction. *See* Dkt. 124 at 4-5. Because this case involves claims of patent infringement, the law of the Federal Circuit governs whether there is personal jurisdiction over defendant Provenance Gems. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995); *Regeneron Pharms., Inc. v. Mylan Pharms. Inc.*, 127 F.4th 896, 907 (Fed. Cir. 2025). However, the operative standards are virtually identical in both circuits, *see Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012), and the outcome is the same.

2